ORIGINAL  #82253

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN BENTON AUBREY | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **3-15CV-1792K** |
| v. | § | No. |
| | § | |
| **INGRID MICHELLE WARREN**, in her official | § | **COMPLAINT FOR** |
| capacity as Judge of Probate Court No. 2 of | § | **DECLARATORY AND** |
| Dallas County, Texas, | § | **INJUNCTIVE RELIEF** |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Steven Benton Aubrey (**"Plaintiff"**) files this Original Complaint complaining of Honorable Ingrid Michelle Warren, Judge, Probate Court No. 2, Dallas County, Texas (**"Defendant"**).   As described more fully below, Defendant violated Plaintiff Steven Aubrey's constitutional right to free speech.

## OVERVIEW

1.      Plaintiff complains of an unconstitutional Order adopted by and issued by Defendant, restraining Plaintiff's First Amendment Right under the United States Constitution.  Plaintiff has a protected right to exercise his free speech and communicate with law enforcement authorities as a whistleblower and as a citizen.  In fact, 26 U.S.C. § 7623 expressly contemplates the exercise of free speech with the IRS to ensure proper collection and payment of taxes due to the federal government. By denying Plaintiff his First Amendment right to "protected" free speech, the lower state courts are encouraging and assisting the concealment of fraud upon the federal government, and ultimately, fraud upon all law abiding citizens who pay their lawful taxes.   In addition, specific irrefutable evidence of bank fraud under 18 U.S.C. §1344 has been revealed and the Court and its orders should not be utilized to hide national bank fraud from authorities.

## JURISDICTION

2.      In this civil action, Plaintiff is suing Defendant under federal law, Section 1983 of Title 42 of the United States Code, and for violating the Plaintiff's rights guaranteed him by the First and Fourteenth Amendments of the United States Constitution. To the extent this civil action arises under federal law, this Court has subject matter jurisdiction pursuant to Section 1331 of Title 28 of the United States Code (federal question jurisdiction).

## VENUE

The Court has federal question jurisdiction over this action for violation of Section 1983 of Title 42 of the United States Code, 42 U.S.C. § 1983. Venue is proper in the U.S. District Court for the Northern District of Texas, Dallas Division because the unlawful practices alleged below were committed therein.

## PARTIES

3.      Plaintiff is a natural person residing at 5701 S Mo Pac Expy Apt 2017, Austin, Travis County, Texas.

4.      Defendant is the presiding Judge at Dallas County Probate Court No. 2, 509 Main Street, #211, Dallas, Texas 75202, or wherever she may be found.

## STATUTORY FEDERAL AUTHORITY

### A.  First Amendment to the United States Constitution

5.      Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances.

### B.  42 USC §1983 Civil Action for Deprivation of Rights

6.      Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or

causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

## C.  42 USC §1985  Conspiracy to Interfere with Civil Rights

7.      **Obstructing Justice; Intimidating Party, Witness, or Juror.**  If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

## D.  26 USC §7623 Expenses of Detection of Underpayments and Fraud

8.      The Secretary, under regulations prescribed by the Secretary, is authorized to pay such sums as he deems necessary for: (1) detecting underpayments of tax, or (2) detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws or conniving at the same, in cases where such expenses are not otherwise provided for by law. Any amount payable under the preceding sentence shall be paid from the proceeds of amounts collected by reason of the information provided, and any amount so collected shall be available for such payments.

9.      Awards to Whistleblowers.  (1) In general. If the Secretary proceeds with any administrative or judicial action described in subsection (a) based on information brought to the Secretary's attention by an individual, such individual shall, subject to paragraph (2), receive as an award at least 15 percent but not more than 30 percent of the collected proceeds (including penalties, interest, additions to tax, and additional amounts) resulting from the action (including any related actions) or from any settlement in response to such action. The determination of the amount of such award by the Whistleblower Office shall depend upon the extent to which the individual substantially contributed to such action. (et. seq.)

**E.  26 CFR 301.7623-1 Rewards and Awards for Information Relating to Violations of Internal Revenue Laws.**

10.      (a) *In general* - (1) *Rewards and awards.* When information that has been provided to the Internal Revenue Service results in the detection of underpayments of tax or the detection and bringing to trial and punishment persons guilty of violating the internal revenue laws or conniving at the same, the IRS may approve a reward under section 7623(a) in a suitable amount from the proceeds of amounts collected in cases when rewards are not otherwise provided by law, or shall determine an award under section 7623(b) from collected proceeds. et. seq.

**F.  18 USC § 1344 Bank Fraud**

11.      Whoever knowingly executes, or attempts to execute, a scheme or artifice--(1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises; shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

## FACTUAL BACKGROUND

12.     On April 30, 2014, Plaintiff, a beneficiary of the Aubrey Family Trust, filed an action in Dallas County Probate Court No. 3, Cause No. PR-14-01486-3, requesting the court remove Betsy Aubrey, trustee of the Aubrey Family Trust (**"Trustee"**) for her breach of fiduciary duty, self-dealing and violations of the Texas Trust Code.

13.     On September 13, 2014, Trustee's legal counsel delivered a fraudulent accounting to Plaintiff during the pendency of the case that was ordered by the court's presiding judge.   The accounting grossly misrepresented the true ownership of real properties by Aubrey Family Trust.  Trustee has made these same misrepresentations to the Internal Revenue Service.

14.     On December 10, 2014, Plaintiff's brother, Thomas Aubrey, a beneficiary of the Aubrey Family Trust, testified in his oral deposition that the accounting was fraudulent.[1]  Thomas Aubrey has long been aware of the history of tax fraud surrounding the Aubrey Family Trust.  In his October 27, 2010 email to Plaintiff, Thomas Aubrey complained about the Trust manager:

> **"To shelter his income, he has used the trust account to pay off his credit cards and he did write the check for the mission trip all so that he wouldn't have to claim the income and pay self employment tax and regular income tax on those amounts."[2]**

15.     On March 20, 2015, Trustee filed her Motion for Protective Order and Confidentiality Order with the intention of gagging Plaintiff, covering up bank fraud and stopping the flow of information to the Internal Revenue Service.   The motion complained:

> **"Plaintiff has previously harassed Defendants by using similar confidential and proprietary information to cause the Internal Revenue Service to audit Defendants."[3]**

---

[1] See December 10, 2014 Deposition Testimony of Thomas Aubrey, attached as **Exhibit "A"**.

[2] See October 27, 2015 email to Plaintiff, attached as **Exhibit "B"**.

[3] See March 30, 2015 Motion for Protective Order and Confidentiality Order, attached as **Exhibit "C"**.

16.     On April 24, 2015, Defendant, the presiding judge of Dallas County Probate Court No. 2, signed an unlawful Order specifically stating:

**"No person shall, directly or indirectly, utilize or disclose an Confidential Information obtained in this case to the Internal Revenue Service, FBI and/or any law enforcement agency."[4]**

Curiously, this new language appeared in the Protective Order though it was not part of the March 20, 2015 motion and was never presented or filed of record.

17.     To date, over $2 million of gross taxable income, generated by the properties of the Trust or its affiliate, is unaccounted for and still missing.

## FIRST CLAIM OF RELIEF - DEPRIVATION OF RIGHTS

18.     Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 17. Plaintiff's interest in his ability to freely speak with authorities, including the Internal Revenue Service and the FBI, outweighs Defendant's interest to further the fraud of the Aubrey Family Trust.   In fact, Defendant's signature on the April 24, 2015 Order is unconstitutional and violated Plaintiff's First Amendment Right under the United States Constitution.  The history of judicial immunity in the United States is fully consistent with the common law experience. There never has been a rule of absolute judicial immunity from prospective relief.   Defendant Ingrid Michele Warren (in her official capacity as County Judge), while acting under color of state law, deprived Plaintiff of his right to free speech as guaranteed by the First Amendment of the United States Constitution in violation of Section 1983 of Title 42 of the United States Code.

19.     Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 18.    Defendant granted a protective order that limits Plaintiff's right and/or duty to contact authorities in violation of the First Amendment to the United States Constitution and Title 42 USCA § 1983. This claim arises both directly under 42 USCA § 1983, 26

---

[4] See March 30, 2015 Motion for Protective Order and Confidentiality Order, attached as **Exhibit "D"**.

USC § 7623 and under the United States Constitution. Plaintiff's protected free speech motivated Defendants' imposition of this adverse Protective Order.

## DEMAND FOR JUDGMENT

20.    In accordance with Federal Rule of Civil Procedure 8(a), Plaintiff Steven B. Aubrey makes the following demand that judgment be issued in his favor on all claims and equitable relief and respectfully requests that this Court:

a. Issue a declaratory judgment that Defendant Ingrid Michele Warren's (in her official capacity as County Judge) April 24, 2015 Protective Order is VOID as it unlawfully deprives Plaintiff, Steven Aubrey, of his right to free speech as guaranteed by the First Amendment to the United States Constitution in violation of Section 1983 of Title 42 of the United States Code (declaratory relief);

b. Issue injunctive relief commanding Defendant to refrain from entering any further orders violating Plaintiff's rights under the U.S. Constitution in Cause No. PR-14-01486-2;

c. Issue other relief as this Court deems appropriate and just; and

d. Award plaintiff his costs of litigation.

Respectfully submitted,

By: _____
   Steve Aubrey, Pro Se
   5701 S Mo Pac Expy, Apt 2017
   Austin, TX 78749
   Telephone: (512) 659-7234
   steveaubrey1@gmail.com

# Exhibit  A

CAUSE NO. PR-14-01486-3

| | | |
|---|---|---|
| STEVEN B. AUBREY, | ) | IN THE PROBATE COURT |
| Beneficiary of the Trust | ) | |
| created in the Will of | ) | |
| Richard Buck Aubrey, | ) | |
| Deceased; STEVEN B. AUBREY, | ) | |
| Individually | ) | |
| | ) | |
| VS | ) | NO. 3 |
| | ) | |
| BETSY STIRRATT AUBREY, | ) | |
| Independent Executor of | ) | |
| the Estate of Richard Buck | ) | |
| Aubrey, Deceased, and as | ) | |
| Trustee of the Testamentary | ) | |
| Trusts created under the | ) | |
| Will of Richard Buck | ) | |
| Aubrey, Deceased | ) | DALLAS COUNTY, TEXAS |

_____

ORAL DEPOSITION OF

**THOMAS AUBREY**

**DECEMBER 10, 2014**

_____

          ORAL DEPOSITION OF THOMAS AUBREY, produced

as a witness duly sworn by me at the instance of the

Plaintiff, was taken in the above styled and numbered

cause on the 10th day of December, A.D., 2014 from

1:14 p.m. to 5:38 p.m., before Kellie L. Rowbotham,

CSR in and for the State of Texas, reported by

stenographic means, at the offices of Esquire

Deposition Solutions, located at 1700 Pacific Avenue,



1      Q    Okay.  Mr. Aubrey, are you aware that David

2  Hendricks gave to the probate judge an accounting

3  which purported to show that the Aubrey Family Trust

4  had made an investment in the LLC from the very

5  beginning?

6                MR. TOBOLOWSKY:  Object to the form of

7  the question.

8      A    I've seen the paperwork.

9      Q    Was that paperwork truthful?

10                MR. TOBOLOWSKY:  Object to the form of

11  the question.

12      A    Not in my opinion.

13      Q    Why was the accounting David Hendricks gave

14  to Probate Judge Miller untruthful?

15                MR. TOBOLOWSKY:  Object to the form of

16  the question.

17      A    It was created and backdated after the fact.

18      Q    Do you know why --

19                MR. TOBOLOWSKY:  Madam Court Reporter,

20  would you transcribe that page for me and send that

21  to me?

22                THE REPORTER:  Yes.

23                MR. RICHARD AUBREY, JR.:  Would you

24  repeat the question, please?

25                MR. VODICKA:  Transcribe which page,



# Exhibit  B

**Aubrey, Tom** <aubrey@██████.com>                                      Wed, Oct 27, 2010 at 7:39 PM
To: Steve Aubrey <steveaubrey1@yahoo.com>
Cc: "Aubrey, Betsy" <betsy███████.com>

Buck is going to add access to the checking account that was used to pay all of our construction expenses last year which should bridge the information gap as to where all of this money has gone. It's a little information at a time with him.

He is sending some money to Jett from both the money market and checking accounts. He is paying himself. Not on a regular basis like on the first of the month but as needed. To shelter his income, he has used the trust account to pay off his credit cards and he did write the check for the mission trip all so that he wouldn't have to claim the income and pay self employment tax and regular income tax on those amounts. The net result to the trust I guess is the same. We either pay him or pay his credit card bill. It's a little shady in my opinion but, since he is part of the trust, maybe it's not illegal.

He says he's been keeping track of all of his payments in Quicken and he's going to send us a PDF or printout of the activity. That should give us clear visibility of what he's been paying himself and how much of his payments to Chase are for utilities, etc.

It sounds like there is a management fee that is running about 5% which is fine. I'm not sure what the situation is on the commissions. He wasn't as clear about that but we'll soon find out.

As long as the checking account fills the gap on where the money has gone, then the only open issue is how much he's paying himself and whether or not we feel it's appropriate.

# Exhibit  C

CAUSE NO. PR-14-01486-3

| | | |
|---|---|---|
| STEVEN B. AUBREY, Individually, | § | IN THE PROBATE COURT |
| and as Beneficiary of the | § | |
| Trust created in the Will of Richard Buck | § | |
| Aubrey, Deceased | § | |
| | § | |
| VS. | § | NO. 3 |
| | § | |
| BETSY STIRRATT AUBREY, Independent | § | |
| Executrix of the Estate of Richard Buck | § | |
| Aubrey, Deceased, and as Trustee of the | § | |
| Testamentary Trusts created under the | § | |
| Will of Richard Buck Aubrey, Deceased, | § | |
| and Richard Buck Aubrey, Jr., Individually | § | DALLAS COUNTY, TEXAS |

## MOTION FOR PROTECTIVE ORDER AND CONFIDENTIALITY ORDER

COMES NOW, BETSY STIRRATT AUBREY, as Trustee of the Testamentary Trusts created under the Will of Richard Buck Aubrey, Sr., Deceased (hereafter "Defendant Betsy Aubrey") and files this Motion for Protective Order, and shows as follows:

1. This Motion for Protective Order and Confidentiality Order concerns documents relating and pertaining to Defendants obtained by Plaintiff Steven Aubrey from Wells Fargo Bank during discovery in this case as well as other documents in Plaintiff's possession and/or control relating and pertaining to Defendants (collectively, "Documents").

2. Defendant Betsy Aubrey has previously requested Steven Aubrey to execute a Confidentiality Agreement and Order regarding these Documents, but Plaintiff Steven Aubrey has failed to do so.

3. Defendant seeks both a Protective Order and Confidentiality Order because Plaintiff has secured confidential and proprietary business and personal information of Defendants from

Wells Fargo Bank and now harasses Defendants by threatening to file claims of tax fraud and tax evasion with the Internal Revenue Service..

    4.    **Plaintiff has previously harassed Defendants by using similar confidential and proprietary information to cause the Internal Revenue Service to audit Defendants.**

    5.    Defendant Betsy Aubrey requests that this Court enter a Protective Order and/or Confidentiality Order:  (a) limiting and restricting Plaintiff's use of all Documents solely to the issues in this case; (b) prohibiting Plaintiff from presenting, directly or indirectly, any of the Documents to the Internal Revenue Service; and (c) requiring Plaintiff and his counsel, upon conclusion of this case, to immediately return all Documents, and all copies of all Documents, to Defendants.

    WHEREFORE, for the reasons hereinabove stated, Defendant requests that this Court issue a Protective Order and/or Confidentiality Order as requested above, and for such other and further relief, at law or in equity, to which Defendant may be justly entitled.

          Respectfully submitted,

          TOBOLOWSKY & BURK, P.C.

          IRA E. TOBOLOWSKY
          State Bar No. 20089000

          4305 W. Lovers Lane
          Dallas, Texas 75209
          Tel. (214) 352-0440
          Fax (214) 352-0662
          iratobolowsky@tblawfirm.net

          ATTORNEYS FOR DEFENDANT
          BETSY STIRRATT AUBREY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on this the 20th day of March, 2015.

**Via Email**
Brian Vodicka
5701 S. Mo Pac Expwy. Apt 416
Austin, TX  78749

**Via Email:**  buck@buckloans.com
Richard Buck Aubrey, Jr.
7161
Kendallwood
Dallas, Texas  75240

IRA E. TOBOLOWSKY

# Exhibit  D

☐ ORIGINAL

CAUSE NO. PR-14-01486-2

| | | |
|---|---|---|
| STEVEN B. AUBREY, Individually, and as Beneficiary of the Trust created in the Will of Richard Buck Aubrey, Deceased | § § § § | IN THE PROBATE COURT |
| VS. | § § § | NO. 2 |
| BETSY STIRRATT AUBREY, Independent Executrix of the Estate of Richard Buck Aubrey, Deceased, and as Trustee of the Testamentary Trusts created under the Will of Richard Buck Aubrey, Deceased, and Richard Buck Aubrey, Jr., Individually | § § § § § § | DALLAS COUNTY, TEXAS |

## CONFIDENTIALITY AND PROTECTIVE ORDER

IT IS HEREBY ORDERED that the following Confidentiality and Protective Order ("Order") be entered pursuant to Rule 192.6 of the Texas Rules of Civil Procedure and shall govern the use, dissemination and disclosure of documents obtained from Defendant Betsy Stirratt Aubrey, individually and as Trustee of the Estate of Richard Buck Aubrey, and from Richard Buck Aubrey, Jr., (collectively, "Defendant") by Plaintiff (hereafter, "Plaintiff"). This Order shall also govern the use, dissemination, and disclosure of: (a) all documents secured by Plaintiff from Wells Fargo Bank, N.A.; and (b) all depositions and exhibits to depositions taken in this case and in all cases consolidated into this case.

IT IS HEREBY ORDERED

1.      "Confidential Information" is intended to mean confidential, financial and/or proprietary business information, including but not limited to documents which, in good faith, are considered confidential and/or proprietary business information by Defendant. Confidential



PR – 14 – 01486 – 2
COUR
ORDER
810926

Information shall be used only for purposes of the instant litigation, and for no other purpose whatsoever.

2.      At the time of production, Defendants will use reasonable business efforts to designate information that is Confidential Information by placing on each page the legend "Confidential Information".   Whether or not marked "Confidential Information," Plaintiffs shall consider and treat all documents and other information produced by Defendants to Plaintiff in this case as Confidential Information.

3.      With respect to all Confidential Information, Plaintiff shall keep as confidential and shall not give, show, make available, discuss, or otherwise communicate in any manner, either directly or indirectly, to any person not authorized in this Order to receive the documents and/or other information under the terms of this Confidentiality Order.

4.      All Confidential Information produced in this action by Defendants, or either of them, shall not be disclosed to anyone other than the following:

a.      Attorneys of record in this case and their associate attorneys, and their employees;

b.      Any party in this case and any employee of a party in this case who is bound by the terms of this Confidentiality and Protective Order, but only to the extent that such disclosure is deemed reasonably necessary by that party for the conduct of this litigation, and provided further that a party may retain documents containing Confidential Information only so long as is necessary for the conduct of this litigation.

c.      Subject to paragraph 7 below, independent individuals, i.e., individuals who are not directors, officers or employees of a party, who are retained specifically for the purposes of

furnishing consultative, technical or expert services or to give expert testimony with respect to the subject matter of this action.

5.      If, in the course of this litigation, depositions are conducted which involve Confidential Information, those portions of the depositions involving such Confidential Information shall be taken with no one present except those persons who are authorized by this Order to review such Confidential Information as well as the reporter and videographer, if applicable; except that a witness, whose deposition is being taken, may see the Confidential Information. Such testimony designated as Confidential Information shall be treated as Confidential Information. Transcripts of testimony, or portions thereof, containing the Confidential Information shall be filed only under seal, in accordance with the next paragraph, until further order of the Court.

6.      Any document which contains Confidential Information, if filed or submitted to the Court, shall be filed in a sealed envelope marked 'SEALED PURSUANT TO PROTECTIVE ORDER– DO NOT OPEN WITHOUT COURT ORDER."

7.      Prior to any disclosure of Confidential Information to non-employee experts (either consulting and/or testifying experts), Plaintiff or Defendants, as the case may be, shall obtain an affidavit from each expert to whom disclosure is to be made, acknowledging that all documents, and other information that have been designated as Confidential Information is subject to this Confidentiality and Protective Order, that the expert has read this Order, that such expert agrees to comply with and be bound by the terms of this Confidentiality and Protective Order, and that such expert is aware that contempt sanctions may be entered for violation of this Order. All affidavits signed by experts shall be maintained through the conclusion of this action.

CONFIDENTIALITY AND PROTECTIVE ORDER - Page 3
C:\Users\Leigh\Documents\Clients\Aubrey.General\new confidentiality order.wpd

8.      No person shall directly or indirectly utilize or disclose any Confidential Information obtained in this case, except for the purposes of this case. **No person shall, directly or indirectly, utilize or disclose any Confidential Information obtained in this case to the Internal Revenue Service, FBI and/or any law enforcement agency.**

9.      A party may contest a claim of Confidentiality.  If the receiving party, in good faith based on reasonable grounds, disagrees with the designation as "Confidential Information," then the parties shall first try to resolve such disputes on an informal basis.  If agreement cannot be reached between counsel, then such dispute shall be presented to the Court by motion or otherwise.  In the resolution of such matter, the burden of establishing that the document/information is within the definition of Confidential Information shall be on Defendants.  All Confidential Information shall be subject to the terms of this Confidentiality and Protective Order until determined otherwise by the Court.

10.      This Order shall be without prejudice to the right of Defendants, or either of them, to oppose the production of any document on any grounds.

11.      At the final conclusion of this lawsuit, including all appeals, all Confidential Information shall be returned to Defendants.  The provisions of this Confidentiality and Protective Order, insofar as it restricts the disclosure, communication of, and use of the Confidential Information produced by Defendants, shall continue in force and effect, and continue to be enforceable as written, even after the conclusion of this action.

The foregoing is hereby stipulated by and between counsel, and entry of the above Confidentiality Order is hereby consented to.

DATED this _____ day of April, 2015.

JUDGE _____

STIPULATED:

_____
Ira E. Tobolowsky
Attorney for Defendant

_____
Brian Vodicka
Attorney for Plaintiff

_____
Richard Buck Aubrey, Jr., Defendant

