IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN AUBREY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-CV-1792-K-BK |
| | § | |
| INGRID MICHELLE WARREN, in her | § | |
| official capacity as Judge of Probate | § | |
| Court No. 2 of Dallas County, Texas, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. Now before the Court is Defendant's *Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)(2)(5) and (6)*, Doc. 6. For the reasons that follow, it is recommended that the motion be **GRANTED** and this case be dismissed for lack of subject-matter jurisdiction.

**I. BACKGROUND**

In his *pro se* complaint, filed May 22, 2015, Plaintiff complains about Judge Warren's actions in a probate suit involving a trust dispute and fraudulent accounting. Doc. 2. Plaintiff alleges, *inter alia*, that, in that suit, the trustee filed a motion for protective order with the intention of gagging Plaintiff, covering up bank fraud and stopping the flow of information to the Internal Revenue Service, Doc. 2 at 5; and Judge Warren overstepped her authority by signing a protective order with language that was not part of the trustee's original motion, Doc. 2 at 6. Specifically, Plaintiff asserts that the order stated that "No person shall, directly or indirectly, utilize or disclose an [sic] Confidential Information obtained in this case to the Internal Revenue Service, FBI and/or any law enforcement agency." Doc. 2 at 6. Plaintiff contends that, consequently, his First Amendment rights were violated because the order inhibited his ability to

1

freely speak with authorities.  Doc. 2 at 6.  He seeks a declaration that Judge Warren's order is void and to enjoin Judge Warren from entering further orders violating his constitutional rights. Doc. 2 at 7.

In her motion to dismiss, filed pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6), Judge Warren asserts, *inter alia*, that this suit is barred by the *Rooker-Feldman* doctrine.  Doc. 6 at 10.  However, Plaintiff replies that *Rooker-Feldman* would only apply if he were attempting to appeal a state court decision; in this case, Plaintiff contends he is challenging Judge Warren's "creation of an order that violates Plaintiff's First Amendment Rights, thereby making it a federal issue."  Doc. 8 at 4.  Because the Court agrees that *Rooker-Feldman* bars this action, Judge Warren's remaining arguments are not reached.

## II.  APPLICABLE LAW

Under the *Rooker-Feldman* doctrine,[1] "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates his federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).  "[F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts."  *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (citation omitted).  Errors in state cases should be reviewed and settled through the state appellate process.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923).

The *Rooker-Feldman* "jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also extends to those 'in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or

---

[1] This doctrine takes its name from two Supreme Court decisions: *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

denial of relief.'" *Jordaan v. Hall*, 275 F. Supp. 2d 778, 788 (N.D. Tex. 2003) (Fish, C.J.) (quoting *Hale*, 786 F.2d at 691). Moreover, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986).

### III.  DISCUSSION

Although Judge Warren seeks dismissal on several grounds, this Court is obligated to first consider its subject-matter jurisdiction. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465–66 (5th Cir. 1999); *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (when a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, courts should consider the "jurisdictional attack before addressing any attack on the merits").

Here, Plaintiff's claims all stem from Judge Warren's actions in the earlier state court proceeding. While cast as civil rights and constitutional claims, Plaintiffs' federal claims are nothing more than an impermissible collateral attack on Judge Warren's orders in Plaintiff's state court lawsuit. *See Jordaan*, 275 F. Supp. 2d at 788–89 (when federal action "is nothing more than a thinly veiled attempt to circumvent the state appellate process and to collaterally attack -- in the guise of a federal civil rights action -- the validity of a state court [judgment] and other related orders," lower federal courts lack subject matter jurisdiction over such action). Accordingly, this Court lacks subject-matter jurisdiction to review Plaintiffs' federal claims under the *Rooker-Feldman* doctrine.

## IV.  CONCLUSION

For the foregoing reasons, it is recommended that Defendant's *Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)(2)(5) and (6)*, Doc. 6, be **GRANTED** and this case be dismissed for lack of subject-matter jurisdiction.

*/s/ Renee Harris Toliver*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Renee Harris Toliver*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE